■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME McGRUDER, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 17, 1975, convicting defendant of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance with intent to sell in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), unanimously modified, on the law, to reverse the convictions on the first, second, and third counts of Indictment No. 211/1975, and, as a matter of discretion in the interest of justice, to dismiss said counts and, except, as thus modified, affirmed. Defendant was convicted of two separate and distinct sales to the same undercover officer. Each of these sales was the subject of a separate indictment, consolidated for trial. The first transaction, involving a $20 purchase of two glassine envelopes of heroin, took place on November 19, 1974. The second transaction took place some weeks later on December 6. On that occasion defendant told the undercover officer that he had been unable to obtain any "quarters." He did, however, give the undercover, without charge, a glassine envelope of heroin. As they parted company on December 6, defendant promised to obtain "quarters" for the undercover in the near future. During the course of their deliberations the

jury asked the court the following question: "Is a promise a sale?" The court responded: "Sale is defined in the Penal Law as follows: 'Sale means to sell, exchange or give or dispose of to another or to offer or agree to do the same.' Therefore, a promise will be included in this definition." Twenty minutes after this instruction was given the jury returned its verdict. We are of the view that this instruction was erroneous. While a promise may, of course, constitute an offer under the Penal Law, the promise here was too vague to meet the statutory standard. What was required was an amplification of the circumstances in which a promise could be considered as an offer. Because the second transfer was gratuitous, the jury may well have convicted on the "promise" to obtain "quarters", rather than on the "gift" of a solitary glassine envelope. Defendant is now on parole from the concurrent sentences imposed on each of these sales. Rather than remand for a new trial, which would be a futile gesture, we dismiss in our discretion the counts relating to the December 6 transaction. (People v Peguese, 63 AD2d 608.) We have considered the other points raised on appeal and find that they are without merit. Concur—Lupiano, J. P., Silverman, Lane, Sandler and Sullivan, JJ.